UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DEBRA WIRSCHE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:13-CV-528 |
| | § | |
| BANK OF AMERICA, N.A., *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

The Court now considers the self-styled "Defendants' Corrected Motion for More Definite Statement,"[1] filed by Bank of America, N.A. *et al* ("Defendants"), and the self-styled "Motion for Attorneys McGlinchey Stafford and Associates Jeffrey R. Seewald and Courtney L. Ebeier Show Authority to Proceed in State and Federal Action Against Plaintiff Pursuant Tex. R. Civ. P. 10, 11, 12, 13 and Fed. R. Civ. P. 11 (a) (b) (c),"[2] filed by Debra Wirsche ("Plaintiff").

After considering the motions, record, and relevant authorities, the Court **GRANTS** Defendants' motion for a more definite statement and **DENIES** Plaintiff's motion. To allow Plaintiff to file a more definite statement by January 2, 2014, the Court **CONTINUES** the pretrial conference as scheduled until January 14, 2014.

### I. Defendants' Motion for a More Definite Statement

Defendants bring this motion for a more definite statement under Federal Rule of Civil Procedure 12(e), which provides that such a motion is appropriate where a pleading to which a response is required "is so vague or ambiguous that the party cannot reasonably prepare a

---

[1] Dkt. No. 5.
[2] Dkt. No. 9.


response."[3] In requesting such relief, the movant should specify "the defects complained of and the details desired."[4]

Such motions are to be considered in the context of the liberal pleading standard of Rule 8.[5] As a result, it is well-established that motions for a more definite statement are generally disfavored and should not be allowed to serve as a substitute for discovery.[6] At the same time, they should be granted in order to correct a deficiency in a pleading that "fails to specify the allegations in a manner that provides sufficient notice."[7] The combination of these pleadings makes clear that a motion for more definite statement is "used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail."[8]

As the Court has previously noted, Plaintiff's complaint lacks sufficient detail to clarify whether her claims arose before or after her previous claim's dismissal. Thus, Defendants cannot discern whether to plead *res judicata*.[9] Further, Plaintiff has not identified any statutes or contract provisions violated by Defendants, or any common law cause of action. In particular, Plaintiff has not identified a specific provision of the Texas Constitution imposing a duty on Defendants to offer a modification of the terms of her loan.

---

[3] FED. R. CIV. P. 12(e).
[4] *Id*.
[5] FED. R. CIV. P. 8(a) ("Claim for Relief. A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.").
[6] Mitchell v. E–Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959)
[7] Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).
[8] Davenport v. Rodriguez, 147 F.Supp.2d 630, 639 (S.D. Tex. 2001).
[9] *See* Ellis v. Amex Life Ins. Co., 211 F.3d 935, 937 (5th Cir. 2000) ("Res judicata is appropriate if: 1) the parties to both actions are identical (or at least in privity); 2) the judgment in the first action is rendered by a court of competent jurisdiction; 3) the first action concluded with a final judgment on the merits; and 4) the same claim or cause of action is involved in both suits.").

Under Federal Rule of Civil Procedure 8, a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. In other words, Plaintiff must plead facts specific enough to support a viable cause of action, not vague facts or conclusory legal allegations.[10] The cause of action must be recognized in the law. Unless Plaintiff meets this standard, the Court will dismiss her complaint for failure to state a claim upon which relief may be granted.[11] If Plaintiff does not amend her complaint, Defendants may move under Federal Rule of Procedure 41(b) to dismiss the complaint.

## II.  Plaintiff's Motion for Attorneys to Show Authority

Plaintiff attempts to force Defendants' counsel to prove the authority by which they represent Defendants. Plaintiff's reliance on Texas Rule of Civil Procedure 12 is inapposite. This Court applies Texas substantive law, but follows the Federal Rules of Civil Procedure, not the Texas Rules of Civil Procedure. "The line between procedural and substantive law is hazy, but no one doubts federal power over procedure."[12] Even if the Texas Rules of Civil Procedure did apply here, "the primary purpose of rule 12 is to enforce a party's right to know who authorized the suit," [13] and Plaintiff demonstrates her awareness of her opponent's identity by listing Defendants' representatives at length.[14] Defendants' counsels have complied with the signature requirements of Federal Rule of Civil Procedure 11, and do not need to demonstrate any additional authority to represent their clients.

---

[10] The Court also cautions Plaintiff that a complaint is not a brief and should not be cluttered with unnecessary case citations.
[11] FED. R. CIV. P. 12(b)(6).
[12] Erie R. Co. v. Tompkins, 304 U.S. 64, 92, 58 S. Ct. 817, 828, 82 L. Ed. 1188 (1938).
[13] R.H. v. Smith, 339 S.W.3d 756, 762 (Tex.App.-Dallas 2011, no pet.).
[14] Dkt. No. 9 at p. 2, "Introduction."

Plaintiff then wanders from the titular subject of her motion. In passing, she charges the Court lacks jurisdiction because no justiciable controversy exists, citing *Aetna Life Insurance Company v. Haworth*.[15] Plaintiff brought suit to prevent foreclosure upon her home; in so doing, she herself alleges that a "case or controversy" suitable for judicial determination exists. Plaintiff herself must seek to establish a justiciable controversy or risk dismissal of her claim.

Next, Plaintiff alleges that she has not received "adequate notice of his adversary's claims and defenses."[16] Because Plaintiff brought this action, she is bringing legal claims against Defendants and must give adequate notice. If Plaintiff believes Defendant failed to give proper notice of intent to foreclose, then that is a different claim, and she must support it.

Plaintiff then repeats her claim that "NO CERTIFIED DOCUMENTS, including sworn affidavits, authenticating a claim have been entered into the county or state court by the Defendants . . . ."[17] Again, Plaintiff must support her own claim, and cannot do so by alleging Defendants' lack of documents. On a distantly related note, Defendants have already shown, and Plaintiff does not contest, that they possess an interest in Plaintiff's home.[18]

Next, Plaintiff alleges the case "belongs in County and State court."[19] Plaintiff is correct that Defendants subjected themselves to Texas jurisdiction by doing business in Texas. But the Constitution of the United States allows diverse citizens – parties who are citizens of different States – to enter Federal court as well, if certain conditions set by Congress have been met.[20] Here both of those conditions have been met. While Plaintiff is correct that State and Federal

---

[15] Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227 (1937).
[16] Dkt. No. 9 at p. 2, ¶7.
[17] Dkt. No. 9 at p. 4, ¶11.
[18] *See* 7:12-cv-214, Dkt. No. 5, Attach. 1-2.
[19] Dkt. No. 9 at p. 4, ¶12.
[20] *See* 28 U.S.C. 1332 (a).

jurisdictions are separate, that does not mean that Federal courts constitute a "foreign" jurisdiction. This case belongs in this Court.

In keeping with the Court's duty to broadly construe the pleadings of a *pro se* party, the Court has addressed Plaintiff's meandering arguments at some length. Plaintiff has referred to herself as "a natural woman on the land."[21] The Court gleans from this statement that Plaintiff has come under the influence of some rather arcane and misguided teachings. These teachings – which include "Freeman" or "Freeman on the Land" or "Sovereign Citizen" variants – rely on rabbinical interpretations of legal texts. A common strategy is to demand ever more "authority" and "authentication." Only the ultimate source of law bears true legitimacy and can command the natural person on the land – or, if the individual could only discover this ultimate source of law, the individual may believe she can opt out of it. These teachings have never worked in a court of law – not a single time. In this case, the only way to avoid foreclosure is to avoid purchasing a home subject to a mortgage, or to avoid defaulting on such a mortgage following proper notice and opportunity to cure.[22] Magic legal words cannot dispel this harsh financial reality.

### III. Holding

For the forgoing reasons, the Court **DENIES** Plaintiff's motion for Defendants' counsels to show their authority to represent their clients,[23] but **GRANTS** Defendants' motion for a more definite statement.[24] The Court **ORDERS** Plaintiff to remedy the deficiencies noted in her

---

[21] Dkt. No. 1, Attach. 2 at p. 5.
[22] The Court notes that "opportunity to cure" means an opportunity to make up the missed payment before the next payment, not the opportunity to completely refinance the loan at more favorable terms.
[23] Dkt. No. 9.
[24] Dkt. No. 5.

complaint by filing a more definite statement by January 2, 2014. Finally, the Court **CONTINUES** the pretrial conference as scheduled **until January 14, 2014 at 9 a.m.**[25]

    IT IS SO ORDERED.

    DONE this 13th day of December, 2013, in McAllen, Texas.

    _____
    Micaela Alvarez
    UNITED STATES DISTRICT JUDGE

---

[25] Dkt. No. 8.